UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                     :
ANDREW J. KAMPURIES,                  :
                                                     :
                          Plaintiff,    :         23 Civ. 7195 (LGS)
                -against-               :
                                                     :        **OPINION AND ORDER**
PORT AUTHORITY OF NY NJ, et al.,      :
                           Defendants. :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

       Pro se Plaintiff Andrew J. Kampuries brings this action against Defendants Port Authority of New York and New Jersey (the "Port Authority") and Chris Rhoads, seeking pension and other benefits related to Plaintiff's deceased ex-wife's employment with the Port Authority. Defendant Port Authority moves to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6). *See* Fed. R. Civ. P. 12. The motion under Rule 12(b)(1) is granted because Plaintiff lacks standing to pursue the claims against the Port Authority; the Court therefore lacks subject matter jurisdiction and the power to adjudicate the merits of those claims. *See Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 445 (2d Cir. 2022). The claim against Chris Rhoads is dismissed sua sponte as untimely. *See Baker v. Cuomo*, 58 F.3d 814, 819 (2d Cir. 1995).

## I. BACKGROUND

       The following facts are taken from the Amended Complaint and documents attached to it, as well as Plaintiff's prior filings in this case and exhibits attached to the declaration of attorney Megan Lee in support of the Port Authority's motion to dismiss. These facts are construed in the light most favorable to Plaintiff as the non-moving party. *See Int'l Code Council, Inc. v. UpCodes Inc.*, 43 F.4th 46, 53 (2d Cir. 2022).

In 1994, Plaintiff married Liliana Ursula LaRosa.  Plaintiff and LaRosa had two children, born in 1996 and 2000.  LaRosa was employed by the Port Authority.  As part of her employment, LaRosa participated in cleanup efforts following September 11, 2001.  In December 2002, Plaintiff and LaRosa divorced.  In 2005, LaRosa passed away from an illness. The Amended Complaint alleges that LaRosa became ill as a result of her work for the Port Authority during the cleanup efforts.  The Amended Complaint also alleges that LaRosa's coworker, Chris Rhoads, fraudulently coerced LaRosa into ending her marriage with Plaintiff while she was ill so Rhoads could take control of LaRosa's pension and other benefits.

On May 8, 2023, Plaintiff commenced this action in the Eastern District of New York. The caption of the Complaint named the following Defendants:  "Port Authority of New Jersey" and John Does #1-10.  The section of the Complaint titled "Parties" identified only the "Port Authority of New Jersey" as a defendant.  The court in the Eastern District issued a summons only to the "Port Authority of New Jersey."  On June 13, 2023, the Eastern District determined that (1) Plaintiff sought to name as Defendant the Port Authority (as defined above), (2) the Port Authority is located in New York County, which is also where the alleged events took place and (3) venue is proper in this district rather than the Eastern District.  Accordingly, on June 27, 2023, the case was transferred to this district.

Following transfer, on September 5, 2023, Plaintiff filed the Amended Complaint.  The caption of the Amended Complaint names as defendants "Port Authority of NY NJ," "Chris Rhoads Port Authority NY & NJ" and "Sept 11 VCF."  The first page of the Amended Complaint states that Plaintiff is filing the Amended Complaint to remove the September 11 Victims Compensation Fund ("VCF") from the lawsuit and to correct the spelling of Rhoads' name. Plaintiff never obtained from the Clerk of Court a summons directed to the VCF or Chris

Rhoads.  Consequently, neither the VCF nor Chris Rhoads has ever been properly served with a summons and complaint.  On December 6, 2023, Plaintiff's request to add the New York State Retirement System as a defendant was denied as futile because the New York State Retirement System is immune from suit.  The upshot of all of this is that the Port Authority is the only Defendant in the case, and Chris Rhoads is apparently intended to be a Defendant but has never been properly served.

The Amended Complaint seeks compensatory and punitive damages, "reinstate[ment]" of LaRosa's pension and "help recover[ing] the 9/11 funds for [Plaintiff's] family."  After the parties exchanged pre-motion letters, the Court held a conference, and Defendant Port Authority filed this motion to dismiss.  Plaintiff filed a memorandum of law in opposition.

## II.   STANDARD

A Rule 12(b)(1) motion challenging subject matter jurisdiction may be based solely on the complaint or may rely on evidence beyond the pleadings.  *Harty*, 28 F.4th at 441.  "In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction."  *Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2016).[1]  But when "jurisdictional facts are placed in dispute," the court must "decide issues of fact by reference to evidence outside the pleadings, such as affidavits."  *Harty*, 28 F.4th at 441.  "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."  *Fountain*, 838 F.3d at 134.

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

Under Rule 12(b)(6), a court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences in favor of the non-moving party but does not consider "conclusory allegations or legal conclusions couched as factual allegations." *Dixon v. von Blanckensee*, 994 F.3d 95, 101 (2d Cir. 2021). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 854 (2d Cir. 2021). To survive dismissal, "plaintiffs must provide the grounds upon which [their] claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *Rich v. Fox News Network*, LLC, 939 F.3d 112, 121 (2d Cir. 2019).

Courts must "liberally construe pleadings and briefs submitted by pro se litigants." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017). "The policy of liberally construing pro se submissions is driven by the understanding that implicit in the right to self-representation is an obligation . . . of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Id.* at 156-57. "We afford a pro se litigant 'special solicitude' by interpreting a complaint filed pro se to raise the strongest claims that it suggests." *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018).

## III.   DISCUSSION

### A.   Claims against the Port Authority

The claims against the Port Authority are dismissed because Plaintiff lacks standing to assert them. Article III of the Constitution confines federal courts' jurisdiction to "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. "For there to be a case or controversy under Article III, the plaintiff must have a personal stake in the case -- in other words, standing."

*TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021).  "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy [and] developed . . . to ensure that federal courts do not exceed their authority as it has been traditionally understood."  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).  Without standing, the court lacks subject matter jurisdiction and the authority to adjudicate the merits.  *See Fac., Alumni, and Students Opposed to Racial Preferences v. N.Y. Univ.*, 11 F.4th 68, 78 (2d Cir. 2021) ("*Fac.*").  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  Dismissals for lack of standing must be without prejudice.  *See Fac.*, 11 F.4th at 78. The party invoking federal jurisdiction has the burden of establishing standing.  *See id.* at 74.  To establish standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Spokeo*, 578 U.S. at 338.  A "plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought."  *Keepers, Inc. v. City of Milford*, 807 F.3d 24, 42 (2d Cir. 2015); *see also DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006).

### 1. Injury

Plaintiff asserts that he is "asking for the port authority to reinstate Liliana roses pension to the family."  Plaintiff lacks standing because he is not a legally proper representative to assert benefits claims on behalf of LaRosa's estate.  To satisfy the injury requirement for standing, the injury "must affect the plaintiff in a personal and individual way."  *Spokeo*, 578 U.S. at 339.  For this reason, only an administrator or personal representative of a person's estate has standing to maintain an action on behalf of the estate.  *See, e.g.*, *Sterling v. Hum. Res. Admin. (Soc. Servs.)*, No. 21 Civ. 10192, 2022 WL 329266, at *3 (S.D.N.Y. Feb. 2, 2022) (finding no standing where

pro se plaintiff "does not indicate whether she has been appointed administrator or personal representative of [the] estate . . . ."); *Garmon v. Cty. of Rockland*, No. 10 Civ. 7724, 2013 WL 541380, at *3 (S.D.N.Y. Feb. 11, 2013) ("Since Plaintiff was not named the administrator of the estate, he does not have standing to bring claims belonging to the decedent.") (collecting cases).

The record evidence does not show that Plaintiff is the administrator or personal representative of LaRosa's estate, but instead shows that LaRosa's mother, Luisa LaRosa, is the administrator. Plaintiff filed a "Certificate of Appointment of Administrator," dated July 11, 2023, issued by the Suffolk County, New York, Surrogate's Court ("the Certificate"). Dkt. 24. The Certificate states that the "Fiduciary Appointed" is "Luisa R Larosa," that letters of administration were issued on January 31, 2006, and are "unrevoked and in full force" as of July 11, 2023.

No record evidence invalidates the Certificate or demonstrates that Plaintiff has since been appointed the administrator. On June 22, 2023, Plaintiff filed what he described as "the letter of motion to the surrogate Court for the removal of the grandmother… Lusia LaRosa." Dkt. 14. The referenced document appears to be an email from Plaintiff to Luisa LaRosa ("lulularosa"), dated June 13, 2023. The email states, "I would like to be removed as the administrator of Liliana LaRosa's estate . . . and give full administration to the kids Dad Andrew j. Kampuries." The email ends with the statement "I declare under the penalty of perjury that the foregoing is true and correct" and a signature that is cut off at the end of the page. The email appears to have been forwarded by Plaintiff to a UPS Store for printing. No evidence exists that this email -- which pre-dates the Certificate -- carries legal weight, was submitted to the correct recipient or prompted a legal change in the administrator to LaRosa's estate. In the absence of

6

such evidence, the email is consistent with the conclusion that Luisa LaRosa, not Plaintiff, is the administrator of the estate.

Plaintiff also filed a letter dated June 3, 2023, from Plaintiff to the Suffolk County Surrogates Court stating, "I'm petitioning for the letter of administration. . . . my ex wife . . . left me New York state Deferred . . . compensation plan in her Will . . . the grandmother Luisa R.Larosa coerced the courts . . . so I don't have any jurisdictions over any of the estate." Dkt. 9. The record does not contain any evidence showing that the Surrogates Court appointed Plaintiff the administrator of the estate after receiving this letter.  The letter is consistent with the conclusion that Luisa LaRosa remains the administrator.

Plaintiff also filed a letter from the New York State Deferred Compensation Plan to Plaintiff dated May 22, 2023, which seeks to confirm a change to Plaintiff's address but contains no mention of Plaintiff's status as an administrator.  Dkt. 20.  Plaintiff also filed a letter from a manager in the Human Resources Department of the Port Authority to Plaintiff dated June 13, 2023, which states, "Please be advised that I am unable to complete and return the Third-Party Verification to the Victim Compensation Fund as requested.  To comply with your request, please provide a Power of Attorney or other legal documents from the Surrogate Court naming you as the executor of state for Lilliana LaRosa." Dkt. 14-4.  No response from Plaintiff appears in the record, nor do the requested documents.

Finally, Plaintiff also submitted a March 24, 2023, communication from the VCF to Plaintiff.  Dkt. 20.  The document is in connection with a claim that Plaintiff apparently filed with the VCP purportedly on behalf of LaRosa's estate.  The document states that Plaintiff's claim cannot be processed until he submits proof of appointment as LaRosa's personal representative or as the executor or administrator of LaRosa's will or estate, among other

information.  The record does not include evidence that Plaintiff submitted the required information, nor does the record include the requested documents.  In sum, Plaintiff has not satisfied the injury requirement for standing by showing that he is the administrator of the estate entitled to collect (and distribute) LaRosa's pension and/or death benefits on behalf of the estate.

The injury requirement for standing is unsatisfied in a second respect, even if Plaintiff were entitled to collect benefits as administrator of the estate or in some other capacity.  The record evidence shows that there are no further benefits to be paid to anyone.  A letter to Plaintiff from the Office of the New York State Comptroller, on behalf of New York State & Local Retirement System ("NYSLRS"), dated October 25, 2023, states, "Participant died on May 5, 2005.  Grace Kampuries was the designated beneficiary.  Our records indicate that you accepted payment of the benefit as the legal guardian of Grace, as she was a minor at the time of the Participant's death."  Dkt. 33.  The letter continues, apparently in response to Plaintiff's inquiry about further payments, ". . . there are no further option continuance payments being made to anyone for this Participants membership."

## 2. Traceability

Even if Plaintiff somehow satisfied the injury requirement for standing, he still lacks standing to assert his claims against the Port Authority.  As stated above, another requirement for standing is that the plaintiff's injury must be "fairly traceable to the challenged conduct of the defendant . . . ."  *Spokeo*, 578 U.S. at 338.  Plaintiff's injuries are not traceable to the Port Authority's conduct because the Port Authority is not responsible for administering the benefits that Plaintiff seeks.

An injury is fairly traceable if "a sufficient causal connection [exists] between the injury and the conduct complained of."  *Citizens United to Protect Our Neighborhoods v. Vill. of*

*Chestnut Ridge*, 98 F.4th 386, 391 (2d Cir. 2024).  The injury asserted cannot be "the result of the independent action of some third party not before the court." *Chevron Corp. v. Donziger*, 833 F.3d 74, 120 (2d Cir. 2016).  "The causation requirement is central to Article III standing" and "screens out plaintiffs who were not injured by the defendant's action." *Food & Drug Admin. v. All. for Hippocratic Med.*, 144 S. Ct. 1540, 1557 (2024).

In support of its motion to dismiss, the Port Authority filed several documents showing that it is not responsible for the benefits provided to its employees.  A summary of benefits states, "The Port Authority participates in the New York State & Local Retirement System (NYSLRS) and the New York State Voluntary Defined Contribution Plan (VDCP)."  Dkt. 31-4.  An "About" page from the Office of the New York State Comptroller for the NYSLRS, dated August 30, 2023, states, "The New York State Comptroller is the administrative head of the Retirement System."  Dkt. 31-2.  The page also states that the NYSLRS administers the benefits program that "provides . . . death benefits, to employees of participating public employers."  The Port Authority submitted a "Death Benefits" page from the New York State Comptroller, dated November 6, 2023, which states, "As a NYSLRS member, your beneficiaries may be entitled to receive a death benefit after you die.  When you became a NYSLRS member, you should have named a beneficiary or beneficiaries . . . .  When you die, your survivors should contact *us* as soon as possible . . . . *[W]e'll* mail information about death benefits, and any needed forms, to your beneficiaries."  Dkt. 31-3 (emphasis added).

These documents show that the Port Authority is not responsible for administering the requested benefits, and Plaintiff's injuries therefore are not traceable to the Port Authority's actions.  The Port Authority merely participates in the NYSLRS as an employer and does not administer the fund or determine who is entitled to benefits; these are responsibilities of the New

York State Comptroller who acts as the administrative head of the NYSLRS.  Because Plaintiff's injury is not traceable to the Port Authority's conduct, Plaintiff lacks standing, and the Court lacks jurisdiction over Plaintiff's benefit claim against the Port Authority.  *See, e.g.*, *Dep't of Educ. v. Brown*, 600 U.S. 551, 564 (2023) (no standing to challenge student loan relief because the plaintiffs could not show that their purported injury of not receiving benefits was fairly traceable to the defendant's conduct).

For the same reason, Plaintiff's injuries from his divorce are not traceable to the Port Authority's actions.  Plaintiff filed a letter dated September 18, 2023, stating that he "is looking to modify [his] divorce."  Plaintiff subsequently disclaimed any request to modify his divorce in his memorandum of law in opposition to the motion to dismiss, stating that he "is not asking the Court to overturn [his] divorce . . . ."  However, on March 8, 2024, Plaintiff filed a letter again "asking the courts to grant my family 10 year divorce Creed . . . ."  To the extent Plaintiff maintains his request for modification of his divorce, he lacks standing because the Port Authority bears no responsibility for entry of the divorce, so Plaintiff's injury is not traceable to the Port Authority's conduct.

Without jurisdiction over the Port Authority claims, this decision does not address the Port Authority's motion to dismiss for failure to state a claim.

**B.    Claim Against Chris Rhoads**

The Amended Complaint's claim against Rhoads is dismissed sua sponte as untimely.  A sua sponte dismissal is "appropriate if it appears from the face of the complaint that the action is barred . . . by the statute of limitations."  *Baker v. Cuomo*, 58 F.3d 814, 819 (2d Cir. 1995), *vacated on other grounds*, 85 F.3d 919 (2d Cir. 1996) (en banc); *accord Boggs v. Citywide Mobile Response*, No. 22 Civ. 10238, 2023 WL 5530501, at *4 (S.D.N.Y. Aug. 28, 2023).

### 1. Subject Matter Jurisdiction

Subject matter jurisdiction exists over the claim against Rhoads based on diversity of citizenship.  Under 28 U.S.C. § 1332, federal courts have jurisdiction to hear cases between diverse parties "where the matter in controversy exceeds the sum or value of $75,000."  28 U.S.C. § 1332(a).  The parties are diverse; Plaintiff is a citizen of Connecticut, and Rhoads is alleged to be a citizen of New York.  The Amended Complaint also seeks damages in excess of the jurisdictional minimum.  Finally, the claim against Rhoads does not suffer from the same standing deficiencies as the claims against the Port Authority.

### 2. Timeliness

The claim against Rhoads is untimely under New York law.  Dismissal is "appropriate if it appears from the face of the complaint that the action is barred . . . by the statute of limitations."  *Baker*, 58 F.3d at 819; *Boggs*, 2023 WL 5530501, at *4.

The Amended Complaint alleges that Rhoads coerced LaRosa into divorcing Plaintiff in December 2002 while LaRosa was ill so that Rhoads could take control of LaRosa's pension and other benefits.  The Amended Complaint alleges that Rhoads forged LaRosa's 401K into his own name "the day before she passed" in 2005.  The Amended Complaint also alleges that Rhoads "tried fraudulently to sign over New York State deferred Comp[ensation] plan" for LaRosa "on the day ..of [sic] her passing."  This conduct is construed as a claim for fraud under New York law.  The statute of limitations for fraud in New York is six years from the date the cause of action accrued or two years from the time the plaintiff discovered the fraud or could with reasonable diligence have discovered it.  *See* CPRL § 213.  The most recent action alleged in the Amended Complaint giving rise to the claim against Rhoads took place in 2005.  The Complaint was filed in 2023, eighteen years later.  The Amended Complaint does not allege any relevant act

11

in the last six years, nor does it provide reason to believe Plaintiff could not with reasonable diligence have discovered the fraud until 2021. The action against Rhoads therefore is untimely.

The Amended Complaint asks that the statute of limitations be tolled for the claim against Rhoads. Equitable tolling of the statute of limitations is "only appropriate in rare and exceptional circumstances, in which a party is prevented in some extraordinary way from exercising his rights." *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003); *accord Boggs*, 2023 WL 5530501 at *4 n2. Despite requesting equitable tolling, the Amended Complaint does not assert any recognized basis for tolling the limitations period.

## IV.   CONCLUSION

For the foregoing reasons, the Port Authority's motion to dismiss is **GRANTED**. All claims against Defendant Port Authority are dismissed without prejudice for lack of subject matter jurisdiction. The claim against Chris Rhoads is **DISMISSED** sua sponte with prejudice as untimely. The Clerk of Court is respectfully directed to close the motion at Dkt. No. 29 and to close the case.

Dated: July 12, 2024
        New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

12